UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| MATTHEW C. KURTENBACH, | CIV. 12-5047-JLV |
| Plaintiff, | |
| vs. | ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, AND DISMISSING CASE |
| KIM MALSON-RYSDON; LAURIE PAULI-TARRELL; JOLYNN BOSTROM; TARRAH SONNENSCHEIN; CHRISTEY CLARK; and KEN CHLEBORAD, | |
| Defendants. | |

## INTRODUCTION

Matthew C. Kurtenbach brought this action pursuant to 42 U.S.C. § 1983 alleging defendants violated his constitutional rights under the Due Process Clause of the Fifth and Fourteenth Amendments, violated the Equal Protection clause of the Fourteenth Amendment, and violated the Eighth Amendment's prohibition against cruel and unusual punishment. (Docket 1). Defendants Malson-Rysdon, Pauli-Tarrell, Bostrom, Sonnenschein, and Clark, all employees of the South Dakota Department of Social Services ("SDDSS Defendants"), filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for dismissal under the abstention doctrine of Younger v. Harris, 401 U.S. 37 (1971) and Middlesex County Ethics Committee v. Garden Bar Association, 457 U.S. 423 (1982). (Docket 16). Defendant Chleborad joined in the SDDSS Defendants' motion and separately filed his own motion to dismiss pursuant to Rule 12(b)(6). (Docket 21).

The court referred the case to Magistrate Judge Veronica L. Duffy to resolve the pending motions. (Docket 37). See also 28 U.S.C. § 636(b)(1)(A) and (B). On October 31, 2012, Magistrate Judge Duffy filed a report recommending the court grant defendants' motions to dismiss on the grounds the court should refrain from exercising federal jurisdiction under the Younger abstention doctrine. (Docket 43). On November 20, 2012, Mr. Kurtenbach, appearing *pro se*, filed a motion for an extension of time to file his written objections to the report and recommendation. (Docket 49). The court found Mr. Kurtenbach's motion timely. (Docket 50 at p. 2, n. 2). The court allowed Mr. Kurtenbach to file his objections on or before December 7, 2012. Id. at p. 3. Mr. Kurtenbach filed his objections. (Docket 51). Along with his objections, Mr. Kurtenbach filed motions for certification allowing an interlocutory appeal and for a stay of proceedings to allow him to file an interlocutory appeal to the United States Court of Appeals for the Eighth Circuit.[1] (Dockets 52 & 53). SDDSS Defendants filed a response to plaintiff's objections.[2] (Docket 55).

---

[1]Plaintiff seeks to appeal the decision of the court to deny the filing of an amended complaint wherein Mr. Kurtenbach sought to represent his three minor children in a next friend capacity. (Docket 53 at p. 1). Based on the decision to recommend dismissal of Mr. Kurtenbach's case under the Younger abstention doctrine, Magistrate Judge Duffy denied plaintiff's motion to amend his complaint (Docket 28) as moot. (Docket 44).

[2]Fed. R. Civ. P. 72(b)(2) allows a party to respond to an opposing party's objections.

The court reviews *de novo* those portions of the report and recommendation which are the subject of objections. Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(1). The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). For the reasons stated below, plaintiff's objections are overruled. The court adopts the report and recommendation of the magistrate judge in full.

**DISCUSSION**

Mr. Kurtenbach is a respondent in an abuse and neglect proceeding captioned The People of the State of South Dakota, ex rel, South Dakota Department of Social Services, in the interest of J.H., M.K., T.H., and C.K.,[3] children and concerning Tessa Halvorson, Respondent Mother, and Matt Kurtenbach, Respondent Father, and Joel Halvorson, Respondent Father, JUV. 12-16, in the Fourth Judicial Circuit Court for the State of South Dakota, Meade County (the "SDDSS proceedings").[4] (Docket 36 at pp. 1-4). Mr. Kurtenbach's complaint alleges the SDDSS proceedings are being conducted in violation of his (1) due process constitutional rights under the Fifth and Fourteenth Amendments; (2) equal protection rights under the Fourteenth Amendment; and (3) Eighth Amendment right against cruel and unusual punishment. (Docket 1 at p. 5). Plaintiff seeks declaratory and injunctive relief from the court. Id. at p. 6.

---

[3]Consistent with D.S.D. Civ. LR 5.2(A)(2) the court identifies the minor children by their initials.

[4]Mr. Kurtenbach is the biological father of three of the minor children, M.K., T.H., and C.K. (Docket 36 at p. 1).

Magistrate Judge Duffy recommended dismissal of plaintiff's complaint under the Youger abstention doctrine as extended to abuse and neglect cases in Moore v. Sims, 442 U.S. 415 (1979). (Docket 43 at p. 10). The Younger abstention doctrine "directs federal courts to abstain from hearing cases when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." Fuller v. Ulland, 76 F.3d 957, 959 (8th Cir. 1996) (citing Middlesex County Ethics Committee, 457 U.S. at 432). The decision of the court to abstain under the Younger principles is reviewed for abuse of discretion. Id.

Mr. Kurtenbach acknowledges the first two factors of the Younger abstention doctrine favor abstention. (Docket 51 at p. 3). He questions, however, "whether there is an adequate opportunity in the state court proceedings to raise constitutional challenges." Id. Mr. Kurtenbach also argues bad faith[5] or bias[6] constitute "extraordinary circumstances" which make application of the Younger abstention doctrine inappropriate. Id. at p. 5.

Mr. Kurtenbach makes a claim against defendant Chleborad, the Meade County Deputy State's Attorney, that plaintiff was added to the

---

[5]Mr. Kurtenbach only alleges defendant Chleborad is subject to the bad faith exception. (Docket 51 at p. 5, n.1).

[6]Mr. Kurtenbach alleges the "state court is incompetent to determine the issues before it due to bias." (Docket 51 at p. 14).

4

SDDSS proceedings only to harass him. (Docket 51 at p. 5). "The question then becomes why was Kurtenbach added to the petition although the DSS did not request this? The purpose is bad faith and harassment on the part of the Meade County State's Attorney." Id. at p. 6. Mr. Kurtenbach's self-serving conclusion fails to acknowledge the requirements of South Dakota law regarding abuse and neglect proceedings. "A state's attorney may file . . . a written petition alleging a child, located or residing in the county, to be an abused or neglected child . . . ." SDCL § 26-7A-43. "The child's parents . . . shall be included as named respondents in the petition. . . ." Id. (emphasis added). See also SDCL Chap. 26-7A, Appendix form 5. Thus, the correct answer to the question posed by Mr. Kurtenbach is that South Dakota law requires the parents of a child who is the subject of an abuse and neglect petition are named as respondents in the petition.[7] SDCL § 26-7A-43.

The court will not evaluate the merits of the SDDSS proceedings or the manner in which those proceedings are being conducted. Mr. Kurtenbach is a *pro se* litigant in the state court abuse and neglect proceedings. (Docket 36 at pp. 75-76). He has been making whatever record he deems appropriate to assert his position before the state circuit

---

[7]Mr. Kurtenbach claims "Defendant Chleborad has no expectation of terminating Kurtenbach's parental rights—the purpose is to interfere with them for as long as possible as retaliation for a failed criminal prosecution." (Docket 51 at p. 7). SDCL Chap. 26-8A governs the disposition of the abuse and neglect proceedings.

court.  Id.  The state court judge will make a decision in the best interests of the children.  SDCL § 26-8A-22.  If Mr. Kurtenbach disagrees with that court's decision, he has the right of appeal to the South Dakota Supreme Court.  SDCL § 15-26A-3.

Having reviewed the SDDSS proceedings (Docket 36), the court finds the state court proceedings were initiated under appropriate South Dakota law with a proper purpose and are not motivated by a desire to harass Mr. Kurtenbach.  The proceedings are not being conducted in bad faith by an incompetent state court tribunal. (Docket 51 at p. 15).  The state court is an appropriate forum and the SDDSS proceedings are a proper venue for asserting Mr. Kurtenbach's claims.  "[P]ersons faced with forced dissolution of their parental rights have a more critical need for procedural protections than do those resisting state intervention into ongoing family affairs.  When the State moves to destroy weakened familial bonds, it must provide the parents with fundamentally fair procedures."  In re S.A., 2005 S.D. 120, ¶ 15, 708 N.W.2d 673, 678 (citing Santosky v. Kramer, 455 U.S. 745, 753–54 (1982).

"The most extensive explanation of those 'extraordinary circumstances' that might constitute great, immediate, and irreparable harm is that in Kugler v. Helfant, 421 U.S. 117 (1975).  Although its discussion is with reference to state criminal proceedings, it is fully applicable in [the] context [of abuse and neglect proceedings] as well."  Moore, 442 U.S. at 433.

6

> Only if "extraordinary circumstances" render the state court incapable of fairly and fully adjudicating the federal issues before it, can there be any relaxation of the deference to be accorded to the state criminal process. The very nature of "extraordinary circumstances," of course, makes it impossible to anticipate and define every situation that might create a sufficient threat of such great, immediate, and irreparable injury as to warrant intervention in state criminal proceedings. But whatever else is required, such circumstances must be "extraordinary" in the sense of creating an extraordinarily pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation.

Id. (citing Kugler, 421 U.S. at 124-25).

During the pendency of the court's consideration of Mr. Kurtenbach's objections to the report and recommendation, Mr. Kurtenbach filed a motion to dismiss defendants' motion to dismiss as moot. (Docket 62). Mr. Kurtenbach now claims the Younger doctrine is no longer applicable because the SDDSS proceedings were concluded on April 24, 2013, and the case was closed. Id. at p. 1.

The United States Supreme Court held "that Younger requires a federal court to abstain not only when and while the state trial court proceedings were ongoing, but until the state defendant (and federal plaintiff) exhausts his appellate remedies." Tony Alamo Christian Ministries v. Selig, 664 F.3d 1245, 1250 (8th Cir. 2012) (citing Huffman v. Pursue, Ltd., 420 U.S. 592, 608–09 (1975) ("We therefore hold that Younger standards must be met to justify federal intervention in a state judicial proceeding as to which a losing litigant has not exhausted his state

7

appellate remedies."). A "state-court litigant such as the parent[] here may appeal from an adverse state supreme court decision to the United States Supreme Court under 28 U.S.C. § 1257." Id. at 1251. "[D]eference [is] to be accorded state proceedings which have already been initiated and which afford a competent tribunal for the resolution of federal issues." Huffman, 420 U.S. at 609, n. 21.

The court finds the legal analysis of the report and recommendation is well-reasoned and a proper application of the law to the facts of the case. The magistrate judge's conclusions of law are adopted by the court in accordance with 28 U.S.C. § 636(b)(1). For these reasons, the court overrules Mr. Kurtenbach's objections to the report and recommendation.

**ORDER**

Based on the above analysis, it is hereby

ORDERED that plaintiff's objections (Docket 51) are overruled.

IT IS FURTHER ORDERED that the report and recommendation (Docket 43) is adopted in full.

IT IS FURTHER ORDERED that defendants' motions to dismiss (Dockets 16 & 21) are granted in part and denied in part. Defendants' motions to dismiss pursuant to Rule 12(b)(6) are denied and the motions to dismiss under the Younger abstention doctrine are granted.

IT IS FURTHER ORDERED that the court abstains from exercising jurisdiction under the abstention doctrine of <u>Younger</u> and <u>Moore</u>. (Dockets 57, 58 & 60).

IT IS FURTHER ORDERED that plaintiff's complaint (Docket 1) is dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff's motions for certification allowing an interlocutory appeal (Docket 52) and for a stay of proceedings (Docket 53) are denied as moot.

IT IS FURTHER ORDERED that plaintiff's request (Docket 57) to hold an evidentiary hearing on defendants' motion to dismiss is denied as moot.

IT IS FURTHER ORDERED that plaintiff's motion to issue subpoenas (Docket 58) is denied as moot.

IT IS FURTHER ORDERED that plaintiff's second motion to amend the complaint (Docket 60) is denied as moot.

IT IS FURTHER ORDERED that plaintiff's motion (Docket 62) to deny defendants' motion to dismiss is denied as moot.

Dated August 29, 2013.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE